UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BENJI MACAULAY,<br><br>             Petitioner,<br><br>     v.<br><br>B. BIRKHOLZ, Warden,<br><br>             Respondent. | No. 2:25-cv-10058-AH-JDE<br><br>ORDER TO SHOW CAUSE RE DISMISSAL |

On October 20, Benji Macaulay ("Petitioner"), a federal prisoner serving a sentence imposed in <u>United States v. Benji Macaulay</u>, (C.D. Cal.) Case. No. 2:24-cr-00083-JAK, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (Dkt. 1, "Petition" or "Pet.") under 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("BOP") has refused to apply First Step Act of 2018 ("FSA") earned time credits ("ETCs") that, he claims, would have made him eligible for placement at a halfway house and eligible for an earlier release date. Petitioner contends "Prison Staff" advised him that his FSA ETCs were denied because of "'an ICE detainer,'" alternatively described as a "final order of removal," copies of which were not provided to him. Pet. at 3, 5 (CM/ECF pagination).

As the existence of a Final Order of Removal appeared to be a material issue in the action, on October 21, 2025, the Court directed that if a Final Order of Removal existed as to Petitioner, Respondent was to file it within 7 days. Id. On October 22, 2025, Respondent filed a Final Order of Removal as to Petitioner. Dkt. 8-1. That Final Order of Removal reflects that is was issued by an Immigration Judge on December 13, 2004, and orders Petitioner to be removed from the United States to Nigeria. Id.

Under 18 U.S.C. § 3632(d)(4)(E), "[a] prisoner is ineligible to apply time credits under subparagraph (C) [of the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws"; see also 28 C.F.R. § 523.44(a)(2) ("[f]or any inmate eligible to earn FSA Time Credits" who is "[s]ubject to a final order of removal under immigration laws . . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"); Cabrera-Huato v. USP Lompoc Warden, 2024 WL 3467801, at *3 (C.D. Cal. June 5, 2024), accepted by 2024 WL 3835049 (C.D. Cal. Aug. 9, 2024); Felix-Felix v. Engleman, 2023 WL 3903817, at *3 (C.D. Cal. May 11, 2023), accepted by 2023 WL 3901778 (C.D. Cal. June 7, 2023).

As it appears Petitioner is subject to a Final Order of Removal, it appears he is not entitled to the relief he seeks. Nonetheless, the Court will afford Petitioner an opportunity to respond. As such, Petitioner is Ordered to Show Cause in writing, within 14 days from the date of this Order, why the Petition should not be dismissed due Petitioner's being subject to a Final Order of Removal, rendering him ineligible to apply time credits earned under the FSA.

IT IS SO ORDERED.

Dated: October 28, 2025

_____
JOHN D. EARLY
United States Magistrate Judge