UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BENJI MACAULAY,<br><br>              Petitioner,<br><br>       v.<br><br>B. BIRKHOLZ, Warden,<br><br>              Respondent. | No. 2:25-cv-10058-AH-JDE<br><br>ORDER SUMMARILY DISMISSING PETITION |

On October 20, 2025, Benji Macaulay ("Petitioner"), a federal prisoner serving a sentence imposed in United States v. Benji Macaulay, (C.D. Cal.) Case. No. 2:24-cr-00083-JAK, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody (Dkt. 1, "Petition" or "Pet.") under 28 U.S.C. § 2241, asserting that the Federal Bureau of Prisons ("BOP") had refused to apply First Step Act of 2018 ("FSA") earned time credits ("ETCs") that, he claims, would have made him eligible for placement at a halfway house and eligible for an earlier release date. Petitioner contends "Prison Staff" advised him that his FSA ETCs were denied because of "'an ICE detainer,'" alternatively described as a "final order of removal," copies of which were not provided to him. Pet. at 3, 5 (CM/ECF pagination).

As the existence of a Final Order of Removal appeared to be a material issue in the action, on October 21, 2025, the assigned magistrate judge directed that if a Final Order of Removal existed as to Petitioner, Respondent was to file it within seven days. Dkt. 6. In response, on October 22, 2025, Respondent filed a copy of the Final Order of Removal as to Petitioner. Dkt. 8-1. That Final Order of Removal reflects that is was issued by an Immigration Judge on December 13, 2004, and ordered Petitioner to be removed from the United States to Nigeria. Id.

Under 18 U.S.C. § 3632(d)(4)(E), "[a] prisoner is ineligible to apply time credits under subparagraph (C) [of the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws"; see also 28 C.F.R. § 523.44(a)(2) ("[f]or any inmate eligible to earn FSA Time Credits" who is "[s]ubject to a final order of removal under immigration laws . . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"); Cabrera-Huato v. USP Lompoc Warden, 2024 WL 3467801, at *3 (C.D. Cal. June 5, 2024), accepted by 2024 WL 3835049 (C.D. Cal. Aug. 9, 2024); Felix-Felix v. Engleman, 2023 WL 3903817, at *3 (C.D. Cal. May 11, 2023), accepted by 2023 WL 3901778 (C.D. Cal. June 7, 2023).

As it appeared Petitioner was subject to a Final Order of Removal that would bar the relief he seeks by the Petition, on October 28, 2025, the magistrate judge ordered Petitioner to show cause, in writing, within 14 days why the Petition should not be dismissed due Petitioner's being subject to a Final Order of Removal, rendering him ineligible to apply time credits earned under the FSA. Dkt. 11 ("OSC").

On November 14, 2025, Petitioner filed a request seeking a 60-day extension of time to respond to the OSC, further advising that he was no longer in BOP custody, having been transferred to the custody of Immigration

2

and Customs Enforcement ("ICE"). Dkt. 12 ("Request"). On November 18, 2025, the magistrate judge denied the Request, finding it was not supported by good cause and further finding that, as the Request reflects that Petitioner is no longer in BOP custody, the Petition, which sought relief in the form of the application of time credits toward early release from BOP custody, appeared to be moot. Dkt. 14.

Petitioner did not further respond or provide any substantive response to the OSC.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); Lane v. Feather, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 in dismissing a Section 2241 petition).

As noted, under 18 U.S.C. § 3632(d)(4)(E), "[a] prisoner is ineligible to apply time credits under subparagraph (C) [of the FSA] if the prisoner is the subject of a final order of removal under any provision of the immigration laws"; see also 28 C.F.R. § 523.44(a)(2) ("[f]or any inmate eligible to earn FSA Time Credits" who is "[s]ubject to a final order of removal under immigration laws . . . the [BOP] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release"); Cabrera-Huato, 2024 WL 3467801, at *3, accepted by 2024 WL 3835049; Felix-Felix, 2023 WL 3903817, at *3, accepted by 2023 WL 3901778.

The record reflects that Petitioner was subject to a Final Order of Removal while in BOP custody. As such, he was statutorily ineligible to have FSA credits applied toward early release or early pre-release custody. Petitioner was advised of the existence of the Final Order of Removal and provided an opportunity to show cause why its existence did not preclude the relief he seeks by the Petition. Petitioner did not provide a substantive response within the time permitted.

As it "plainly appears" that Petitioner is not entitled to the relief he seeks, under Habeas Rule 4, the Petition must be dismissed.

THEREFORE, IT IS HEREBY ORDERED that this action is DISMISSED with prejudice. Nothing in this Order prevents Petitioner from challenging any detention other than that challenged in the Petition.

Dated: DECEMBER 8, 2025

_____
ANNE HWANG
United States District Judge